UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>          Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN DARR, AS HE IS THE TRUSTEE OF THE CHAPTER 11 ESTATES OF EACH OF THE DEBTORS,<br><br>          Plaintiff,<br><br>v.<br><br>CARLOS WANZELER, et al<br>          Defendants. | Adversary Proceeding<br>No. 16-4032 |
| STEPHEN DARR, AS HE IS THE TRUSTEE OF THE CHAPTER 11 ESTATES OF EACH OF THE DEBTORS,<br><br>          Plaintiff,<br><br>v.<br><br>BENJAMIN ARGUETA, et al<br>          Defendants. | Adversary Proceeding<br>No. 16-4006 |

**STIPULATION OF SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE
AND SANDERLEY RODRIGUES**

This Stipulation of Settlement ("Stipulation") is entered into this 20th day of April, 2017 by and between Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "Debtors") and Sanderley Rodrigues de Vasconcelos ("Rodrigues").

## RECITALS

1. On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary Chapter 11 petitions with the United States Bankruptcy Court for the District of Nevada.

2. By order dated May 6, 2014, the Nevada Bankruptcy Court approved a motion to change venue filed by the Securities and Exchange Commission ("SEC"). The cases were transferred to this Court on May 9, 2014.

3. On May 30, 2014, the Court approved the motion of the Office of the United States Trustee to appoint a Chapter 11 trustee, and the Trustee was appointed on June 6, 2014.

4. The Debtors ostensibly operated a "multi-level marketing" company with its headquarters in Marlborough, Massachusetts. It represented itself as being in the business of selling telephone service plans that use "voice over internet protocol" ("VoIP") technology. The sale of VoIP, however, constituted only a minor portion of their business; the Debtors' actual business was the recruitment of participants ("Participants"). The Debtors operated a massive Ponzi and pyramid scheme which involved more than a million Participants from multiple countries.

5. On November 25, 2015, the Court, on motion by the Trustee and after notice, entered an Order, as amended on December 21, 2015, finding that the Debtors were engaged in a Ponzi scheme and that this ruling was the law of the case in each of the jointly administered cases.

6. On January 26, 2016, the Court entered an order approving a process for the determination of Participant claims based upon their involvement in the TelexFree scheme. The order approved the use of the "Net Equity" formula in determining a Participant's claim against the estates. Specifically, in determining whether a Participant was a Net Winner or Net Loser,

the Court would consider amounts invested by a Participant, including amounts invested pursuant to Triangular Transactions,[1] less amounts received by the Participant from involvement in the scheme, including amounts received through Triangular Transactions.

7. According to the Debtors' records of Participant activity that was reconstructed by the Trustee, Rodrigues was a Net Winner in the aggregate amount of $501,841 on account of both direct transactions with TelexFree and Triangular Transactions. Rodrigues was also issued $1,757,797 in "manual credits", which were credits issued by TelexFree to certain insiders and their associates so that they could benefit from the subsequent sale or redemption of those credits.

### I. Trustee Litigation

8. Rodrigues is the subject of two separate actions brought by the Trustee (the "Adversary Proceedings").

9. Rodrigues is an unnamed defendant in the domestic class action suit, adversary proceeding number 16-4006, in which the Trustee seeks the recovery of fraudulent and preferential transfers from all Net Winners located in the United States (the "Domestic Class Action"). The defendant class has been certified and class counsel has been retained in the Domestic Class Action.

10. Rodrigues is one of many named defendants in adversary proceeding number 16-4032 (the "4032 Action"), which seeks recovery from Rodrigues on account of the manual credits issued to him. That action had been stayed because of the pendency of the criminal proceedings against the Debtors' principals.

---

[1] "Triangular Transactions" refer generally to transactions where a Participant purchased a TelexFree membership plan or phone package from the Debtors and paid the associated fee to the recruiting Participant, rather than directly to the Debtors, and the recruiting Participant satisfied the new recruit's invoice through the application of accumulated credits "earned" from involvement in the TelexFree program.

3

## II. SEC Litigation

11. On April 15, 2014, the SEC commenced an action in the United States District Court for the District of Massachusetts against the Debtors and several high-level promoters, including Rodrigues, case no. 1:14-cv-11858-DJC (the "SEC Action"). The SEC Action seeks a determination that the defendants violated Section 10(b) of the Exchange Act, Rule 10(b)-5 thereunder, Section 17(a) of the Securities Act, and Section 5(a) and 5(c) of the Securities Act.

12. On April 16, 2014, the District Court entered a Temporary Restraining Order, Order Freezing Assets and for Other Equitable Relief ("TRO"). The TRO ordered the defendants to hold and retain all funds and other assets in their direct or indirect control. The TRO also restrained the defendants from taking any action to dissipate such funds and other assets.

13. On May 8, 2014, the District Court entered a Preliminary Injunction, Order Freezing Assets, and Order for Other Equitable Relief as to Rodrigues ("Injunction") that extended the TRO on substantially the same terms.

14. Rodrigues violated the aforesaid orders and failed to comply with Court orders to provide the SEC with an accounting of his assets.

15. The SEC has asserted claims against Rodrigues in the amount of $1,518,563, with prejudgment interest thereon in the amount of $163,245, and a civil penalty in the amount of $150,000, for a total of $1,831,808 (the "SEC Obligation").

16. The SEC and the Trustee have identified certain personal property and real property in which Rodrigues, or entities controlled by Rodrigues, maintain an interest, as further set forth herein.

17. The Trustee, the SEC, and Rodrigues have entered into negotiations respecting a settlement of the SEC Obligation and the claims asserted by the Trustee against Rodrigues in the

Adversary Proceedings. As a result of these negotiations, the SEC has accepted Rodrigues' proposal of settlement, subject to the entry of a proposed final judgment, and the Trustee and Rodrigues have entered into this Stipulation. Now therefore, for good and valuable consideration, the parties agree and stipulate as follows:

### Stipulation of Settlement

A.  Rodrigues, on behalf of himself and Camilla B. Quinamo, WWW Global Business, Inc., World Global Business, Inc. Atlantic Star USA, Inc., and SCZV, LLC, hereby releases any interest in the following financial accounts:

| # | Name(s) on Account | Bank | Account No. |
|---|---|---|---|
| 1 | Sanderley Vasconcelos & Camilla B Quinamo | Wells Fargo Advisors | xxxx0153 |
| 2 | www Global Business Inc. | BMO Harris | xxxxxx2209 |
| 3 | World Global Business Inc. | SunTrust | xxxxxxxxx9119 |
| 4 | Atlantic Star USA Inc. | Regions | xxxxx1634 |
| 5 | SCZV LLC | BMO Harris | xxxxxx1644 |
| 6 | Sanderley Rodrigues de Vasconcelos | CenterState Bank | xxxx3721 |

B.  Rodrigues shall direct his counsel to turn over to the Trustee: (i) all funds held in the Chase account ending in 6715; and (ii) the sum of $200,000, currently held by Rodrigues' counsel in their trust account, previously withdrawn from the Wells Fargo Advisors account ending in 0153 under the *Order to Provide Accountings and Carve Out as to Sanderley Rodrigues de Vasaconcelos*.

C.  Within ten (10) days of the entry of the judgment against Rodrigues in the SEC Action (the "Judgment"), Rodrigues, on behalf of himself and Five Star Investments and Properties, LLC, shall execute and deliver deeds to the Trustee of the following two real properties, so that the Trustee may record the deeds and liquidate the properties through sale or

otherwise: (i) 124 Woodmoor Ct., Davenport, Florida 33837 (the "Residence") and (ii) 5600 N. Flagler Dr., Apt. 307, West Palm Beach, Florida 32821.

D. Rodrigues releases and waives any right, claim, interest, or exemption he may have in the Residence. Rodrigues shall vacate the Residence by the earlier of June 2, 2017 or ninety (90) days following Court approval of the Stipulation (the "Vacancy Date"), leaving the Residence undamaged and free of personal effects, and shall cause any other party to similarly vacate the Residence. On and after the Vacancy Date, the Trustee may take any and all actions required to market and sell the Residence for the benefit of the TelexFree estates. In the event that Rodrigues or another may fail to timely vacate the Residence, the Trustee may take all steps reasonably required to remove the occupants. Rodrigues shall be liable to the Trustee for the costs and expenses associated therewith, including attorneys' fees.

E. Upon full compliance by Rodrigues with the terms of the Judgment and the terms of the Stipulation, the Trustee shall release Rodrigues, his heirs and attorneys of any and all claims that the Trustee may have against Rodrigues. Rodrigues releases and waives any and all claims he may have against the Trustee or the TelexFree estates.

F. Nothing herein is intended to grant a release by the Trustee to any party other than Rodrigues, his wife Camila Barreto Quinamo, his heirs, and his attorneys.

G. The effectiveness of the Stipulation shall be contingent upon, and subject to, the entry of the Judgment.

H. This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

I. The Trustee shall not assess any costs or expenses against the assets recovered pursuant to this settlement, other than the Trustee's commission, and the fees and expenses

associated with the liquidation and distribution of the assets and proceeds thereof recovered in the settlement, including reasonable attorneys' fees.

J. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

K. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) and the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

L. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or portable document format ("pdf").

M. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation and (b) that each party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

N. The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

O. This Stipulation shall have no force or effect unless it is approved by the Court.

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE DEBTORS
By his attorneys,

_/s/ Andrew Lizotte_
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400
ALizotte@murphyking.com

Sanderley Rodrigues de Vasconcelos,
By counsel:

_____
Robert Eckard
Robert Eckard & Associates, P.A.
3110 Alternate US 19 North
Palm Harbor, FL 34683

725785

8

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE DEBTORS
By his attorneys,

_____
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
ALizotte@murphyking.com

Sanderley Rodrigues de Vasconcelos,
By counsel:

_____
Robert Eckard
Robert Eckard & Associates, P.A.
3110 Alternate US 19 North
Palm Harbor, FL 34683

725785